# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRANK TYRONE POSTELL,**

        **Plaintiff,**

**v.**                                       **Case No:   6:13-cv-313-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

---

# MEMORANDUM OF DECISION

Frank Tyrone Postell (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1.   Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to consider and weigh medical and opinion evidence in determining his residual functional capacity ("RFC"); 2) posing a hypothetical question to the Vocational Expert ("VE") that did not adequately define his limitations; and 3) finding his testimony concerning his pain and limitations not credible.   Doc. No. 17 at 9-19.   For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

II.   **ANALYSIS.**

A.  **Dr. Narula.**

At the center of this dispute, is whether the ALJ erred by not explaining why his RFC determination or hypothetical questions to the VE did not include or otherwise account for Dr. Narula's opinions concerning Claimant's ability to stand and walk. Doc. Nos. 17 at 11, 17; 20 at 7-10. On May 3, 2011, Dr. Narula conducted a one-time physical examination of Claimant, and authored a report. R. 398-99.[1] Dr. Narula opined that "there were no significant musculoskeletal

---

[1] Dr. Narula's examination occurred after the hearing, which occurred on March 15, 2011, and was requested by the ALJ because he was "concerned" about not having "much documentation about [Claimant's] knees and [his] wrists[.]" R. 64.

functional limitations on the exam[,]" but that Claimant would "have difficulty standing for a prolonged length of time due to the knee pain."   R. 399.   Dr. Narula also completed a physical RFC assessment.   R. 403-8.   In it, Dr. Narula opined that Claimant could only stand for an hour and walk for an hour at a time without interruption.   R. 404.   Dr. Narula also opined that Claimant could only stand for two (2) hours during an eight (8) hour workday and walk for (2) hours during an eight (8) hour workday.   R. 404.

At step four of the sequential evaluation process, the ALJ found that Claimant has an RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that he can understand, remember and carryout simple instructions and perform simple routine tasks[,]" and that "claimant should have only occasional interaction with others."   R. 25.[2]   In so finding, the ALJ considered, among other things, Dr. Narula's report and physical RFC assessment.   R. 26-7. The ALJ provided an accurate and detailed summary of Dr. Narula's findings and opinions, noting, in relevant part, that Dr. Narula opined that "[t]he claimant could stand and walk for one hour at one time without interruption and could stand and walk for two hours in an 8-hour workday."   R. 27.   The ALJ ultimately assigned "great weight" to Dr. Narula's opinions.   R. 29.[3]   Despite having assigned great weight to Dr. Narula's opinions, the ALJ failed to provide any explanation as to why he did not include or otherwise account for Dr. Narula's opinions concerning Claimant's ability to stand and walk in his RFC determination.   *See* R. 21-30.

---

[2] Given the lack of any other exertional limitations in the ALJ's RFC determination, the Court finds that the ALJ determined that Claimant has a RFC to perform a full range of light work.

[3] Specifically, the ALJ stated that he gave "great weight to the consultative evaluation of Dr. Narula because he was afforded the opportunity to examine the claimant" and that "Dr. Narula's assessment is also consistent with the findings of a prior consultative evaluation and the claimant's x-ray examination showing no degenerative changes, fractures or dislocations."   R. 29.   On its face, it appears that the ALJ only weighed Dr. Narula's report of the consultative evaluation.   However, read in its entirety, the Court finds that the ALJ assigned great weight to Dr. Narula's report of the consultative evaluation and physical RFC assessment, which the Court will refer to collectively as Dr. Narula's opinions.

The ALJ is not required to include every limitation in a medical opinion into his or her RFC determination simply because he or she assigned great or significant weight to that opinion. *See, e.g.*, 20 C.F.R. 404.1527(e)(2)(i) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants[.]").   The ALJ, however, is required to provide a reasoned explanation as to why he or she chose not to include particular limitations in his or her RFC determination.   *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011); *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)).

Having given great weight to Dr. Narula's opinions, the ALJ should have provided a reasoned explanation as to why his RFC determination did not include or otherwise account for Dr. Narula's opinions concerning Claimant's ability to stand and walk for prolonged periods and throughout an eight (8) hour workday.   *See Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at *6-7.   The Commissioner argues that the ALJ "implicitly" rejected Dr. Narula's opinion concerning Claimant's ability to stand and walk by noting that Claimant's "statement of symptoms was insufficient to demonstrate the extent of his impairment."   Doc. No. 20 at 7-8.   While the ALJ did find Claimant's subjective complaints concerning his knee pain not credible based on the medical record and the opinions of Dr. Narula and Dr. Perdomo, the ALJ did not identify any reason for rejecting Dr. Narula's opinions concerning Claimant's ability to stand and walk.   *See* R. 28-9.   Instead, the ALJ assigned great weight to Dr. Narula's opinions without qualification. *See* R. 29.   Without any explanation for this action, the Court is unable to conduct a meaningful

review of the ALJ's decision to not include or otherwise account for limitations to which he otherwise gave great weight.

Moreover, the ALJ's failure to explain why he deviated from Dr. Narula's opinions concerning Claimant's ability to stand and walk is not harmless error.   The ALJ's conclusion that Claimant is not disabled is premised, in large part, on his determination that Claimant can perform a full range of light work.   *See* R. 61-2.[4]   A full range of light work, however, requires "standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday."   SSR 83-10, 1983 WL 31251, at *6 (1983).   Clearly, Dr. Narula's opinions concerning Claimant's ability to stand and walk would prohibit Claimant from performing a full range of light work.   *Compare id.* *with* R. 404.   Accordingly, but for the ALJ's failure to explain why he deviated from Dr. Narula's opinions, the Court cannot say that the outcome in this case would not change.[5]

## III.   <u>CONCLUSION.</u>

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk is directed to enter judgment for Claimant and close the case.

---

[4]  At the hearing, the ALJ asked the VE whether Claimant could perform his past relevant work if he could understand simple instructions, perform simple tasks, have occasional interaction with others, and perform a full range of light work.   R. 62.   Based on these limitations, the VE testified that Claimant would be able to perform his past relevant work as a fertilizer mixer, which is classified as light work.   R. 62; U.S. Dep't of Labor, Dictionary of Occupational Titles, 550.665-018 (rev. 4th ed.1991), 1991 WL 675057.   The ALJ found the VE's testimony to be credible and concluded that Claimant could perform his past relevant work as a fertilizer mixer, and thus was not disabled.   R. 29.

[5]  The Court finds this issue dispositive and does not address Claimant's remaining arguments.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

**DONE and ORDERED** in Orlando, Florida on February 27, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Jerome M. Albanese, Branch Chief
Stephen Thompson, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
3505 Lake Lynda Drive
Suite 300
Orlando, FL 32817-9801